*1355 The Honorable George C. Wallace
Governor of Alabama
State Capitol
Montgomery, Alabama 36130
Dear Sir:
We acknowledge receipt of your request for an advisory opinion upon the constitutionality of Senate Bill No. 422, which follows:
SYNOPSIS: This bill vests power in the Governor to freeze or roll back utility rates established by the Alabama Public Service Commission for up to one year.
A BILL
TO BE ENTITLED
AN ACT
To authorize the Governor, by Executive Order, to freeze at the present level or to roll back to any level existing at any time during the six month period immediately preceding said Executive Order, any utility rate or rates established by the Alabama Public Service Commission for a period of up to one year.
BE IT ENACTED BY THE LEGISLATURE OF ALABAMA:
Section 1. The Governor of Alabama shall, at any time when in his considered opinion extraordinary action in the matter of utility rates is called for, by Executive Order freeze a utility rate or rates, established by the Alabama Public Service Commission, at the then existing level or may roll said rate or rates back to any level existing at any time during the six month period immediately preceding said Executive Order for a period not to exceed one year in duration. Provided, however, that the provisions of this Act shall apply only to those utility companies regulated by the Alabama Public Service Commission.
Section 2. The term utility as used herein shall not include railroads or companies providing telephone or communications services.
Section 3. This Act shall become effective immediately upon its passage and approval by the Governor, or upon its otherwise becoming a law.
You have certified three constitutional questions for our consideration and which we consider seriatim:
(1) Does Section 1 of Senate Bill 422 conflict with the due process provisions of Article 1, Section 6 and 13, of the Constitution of Alabama of 1901?
We pretermit any consideration of the applicability of Article 1, Section 6 to Senate Bill No. 422 in view of our finding that the Bill offends Section 13.
Section 13 requires:
That all courts shall be open; and that every person, for any injury done him, in his lands, goods, person, or reputation, shall have a remedy by due process of law; and right and justice shall be administered without sale, denial, or delay.
Due process of law means notice, a hearing on the merits of the controversy in accord with that notice, and a judgment entered in accord with that notice and hearing. Ex parte Rice, 265 Ala. 454, 92 So.2d 16 (1957); McCollum v. Birmingham Post Company, 259 Ala. 88, 65 So.2d 689 (1953). It offers protection against arbitrary conclusions by requiring a fair hearing, and findings supported by evidence. City of Birmingham v. Southern Bell Telephone Company, 234 Ala. 526, 176 So. 301 (1937). As was stated by this Court in Alabama Public Service Commission v. Southern Bell Tel. & Tel. Co., 253 Ala. 1, 42 So.2d 655 (1949):
. When an order is based upon findings without evidence to support *1356 them, . . . the order is arbitrary as a matter of law and a denial of due process .
Senate Bill No. 422 provides for neither notice, hearing, nor standards under which the Governor’s “considered opinion” may be exercised. As this Court held in Mead v. Eagerton, 255 Ala. 66, 50 So.2d 253 (1951):
The legislature cannot confer upon any person or authority the right, in its discretion to be exercised without regard to fixed standards set up by the Act, to declare when an enactment shall become effective. .
Accordingly, this Bill is constitutionally invalid under Article 1, Section 13 of the Constitution of 1901.
(2) Does Section 1 of Senate Bill 422 conflict with the separation of powers provision of Article 3, Sections 42 and 43, of Constitution of Alabama of 1901 ?
Sections 42 and 43 of the Constitution of 1901 direct:
Section 42. The powers of the government of the State of Alabama shall be divided into three distinct departments, each of which shall be confided to a separate body of magistracy, to-wit: That which are legislative, to one; those which are executive, to another; and those which are judicial, to another.
Section 43. In the government of this State, except in the instances in this Constitution hereinafter expressly directed or permitted, the legislative department shall never exercise the executive and judicial powers, or either of them; the executive shall never exercise the legislative and judicial powers, or either of them; the judicial shall never exercise the legislative and executive powers, or either of them; to the end that it may be a government of laws and not of men.
It is clear that the power granted to the Governor by Senate Bill No. 422 is the power to fix utility rates. The power to fix such rates, however, lies with the legislature, City of Birmingham v. Southern Bell Telephone Company, supra, or as was observed in that case, in its duly constituted agency, such as the Public Service Commission. In that connection we are prompted to quote from that opinion in the context of our present concern:
. In either event, the courts are open for one who complains that by the exercise of the rate-making power he has been deprived of property without due process of law or that his private property has been taken for public use without just compensation. The courts act, therefore, for the purpose of holding the exercise of this legislative power within constitutional limits . . . but not for the purpose of making rates or substituting their judgment for that of the legislative agencies.
Because the courts are thus limited, the Executive is likewise limited for the obvious reason that he cannot be an agency of the Legislature under the separation of powers provisions of our Constitution. Such provisions have been characterized as
‘. . . fundamental concepts of our form of government, . . . [constituting] . . . foundation stones upon which the freedom, liberty, and rights of the citizens in the final analysis rest.’ [Oklahoma Cotton Ginners’ Ass'n v. State, 174 Okl. 243, 51 P.2d 327, quoted in City of Birmingham v. Southern Bell Tel. & Tel. Co., supra, 234 Ala. at 531, 176 So. at 304].
We find, therefore, that Senate Bill No. 422 violates Article 3, Sections 42 and 43 of the Constitution of 1901.
(3) Does Section 1 of Senate Bill 422 conflict with the suspension of the laws provision of Article 1, Section 21, of the Constitution of Alabama of 1901?
Article 1, Section 21, states:
That no power of suspending laws shall be exercised except by the Legislature.
Under Title 48, § 71, Alabama Code (Re-comp. 1958):
All rates . . . and orders establishing rules, regulations, practices, or services fixed by the commission shall be in force and shall be deemed prima facie *1357 reasonable and valid in any court

It is clear that the legislature has the power to authorize administrative officers and boards created by it to make necessary rules and regulations, and to give these the force of law. Title 48, § 23, Alabama Code; City of Birmingham v. Southern Bell Tel. & Tel. Co., 203 Ala. 251, 82 So. 519 (1910); Alabama Public Service Commission v. Mobile Gas Company, 213 Ala. 50, 104 So. 538 (1925). Because such rates possess the character of law, it follows that the power to freeze or roll back a rate is the power to suspend law.
While it is axiomatic that under our Constitution the power of the legislature is supreme in legislative matters, it is equally clear that the Constitution, by Section 21, has mandated that this power be reposed within the legislature itself. The legislature cannot authorize suspension of law by another agency, even where the legislature itself has the power to suspend the law. Montgomery v. State, 231 Ala. 1, 163 So. 365 (1935). The power to fix and regulate rates has been placed by the legislature in the Public Service Commission, Title 48, Article 2, §§ 17, 18, 28, Alabama Code. It does not appear that the legislature has abrogated the powers of that legislatively-created body which it has the constitutional power to do. But that is a matter which addresses itself to that body. Opinion of the Justices, 241 Ala. 416, 3 So.2d 50 (1941). The power to suspend having been vested exclusively in the legislature by the Constitution, a fortiorari it could not be delegated to the Governor in view of Section 43 of our Constitution. Montgomery v. State, supra.
Respectfully submitted,
C. C. TORBERT, JR., Chief Justice
JAMES N. BLOODWORTH
HUGH MADDOX
JAMES H. FAULKNER
RENEAU P. ALMON
JANIE L. SHORES
ERIC EMBRY
SAM A. BEATTY
Associate Justices