On June 7, 1979, the Montgomery County Department of Pensions and Security (DPS) filed a petition in Montgomery County Circuit Court alleging that Melinda and Earnest Smoke were dependent children pursuant to § 12-15-1 (10), Code of Alabama (1975) and asking that custody be granted DPS for permanent placement. A hearing on the petition was set for July 11, 1979.
The appellant, Leroy Harold Smoke, was named by the mother of the children as the natural father of Melinda. Although he and Melinda's mother were never married, her assertion that Smoke is the child's father was not questioned by any of the parties in the trial court. At the time of the filing of the petition and hearing, Smoke was incarcerated at the Fountain Correctional Center at Atmore, Alabama. A copy of DPS's petition was mailed to Smoke along with a form by which he could waive his right to be present at the hearing. He did not sign the waiver form and in a handwritten note to the juvenile court judge clearly stated his interest in his child's welfare and his desire to be present at the hearing. On June 27, 1979, the court entered an order directing the Board of Corrections to transport Smoke to Montgomery for the hearing.
On July 11, 1979, the case was heard ore tenus in Montgomery County Circuit Court and the trial court entered an order terminating the parental rights of the children's natural parents and granting permanent custody to DPS. It is from that order that Smoke appeals.
Smoke contends that the trial court committed reversible error in failing to apprise him of his right to be represented by counsel at the hearing and that he was given inadequate notice of the nature of the proceeding. We agree that the court was in error and reverse.
The right of the parents of the child in a dependency case to be represented by counsel at every stage of the proceeding is a fundamental one protected by statute and court decision. § 12-15-63, Code of Alabama (1975); Crews v. Houston CountyDepartment of Pensions and Security, 358 So.2d 451
(Ala.Civ.App. 1978); In re Ward, 351 So.2d 571 (Ala.Civ.App. 1977). The statute places upon the court the duty of informing the parents, guardian or custodian of their right to counsel and their right to have counsel appointed where they are unable for financial reasons to retain their own. §§ 12-15-63 (b), 65 (b), Code of Alabama (1975). A careful review of the record reveals that Smoke was never apprised of his right to be represented by counsel at the dependency hearing. Absent an informed waiver of his rights under the statute, the failure of the trial court to inform him of those rights as required by §§ 12-15-63 (b), 65 (b) was error requiring reversal of the trial court's order.
As we find this issue dispositive, we do not consider the adequacy of the notice given to Mr. Smoke.
REVERSED AND REMANDED.
BRADLEY and HOLMES, JJ., concur. *Page 1151