This is a termination of parental rights case.
The father filed a petition in the Jefferson County Family Court to terminate the parental rights of the mother in the parties' five-year-old daughter. Following ore tenus
proceedings, the trial court ordered the termination of the mother's parental rights. Legal and physical custody of the child continued in the father.
The mother appeals. We affirm.
The primary issue on appeal is whether there exists clear and convincing evidence, as required by Ala. Code (1975), § 26-18-7 (1986 Repl.Vol.), which supports the trial court's decision to terminate the mother's parental rights based upon its determination that the child is dependent and that no less drastic alternative will best serve the child's interests.Wallace v. Jefferson County Department of Pensions Security,501 So.2d 473 (Ala.Civ.App. 1986).
In addressing this issue, we are governed by the well-knownore tenus rule. Since the evidence was presented to the trial court ore tenus, its judgment is presumed to be correct and will not be set aside on appeal unless it is so unsupported by the evidence as to be plainly and palpably wrong. Wallace,501 So.2d 473; Fitzgerald *Page 961 v. Fitzgerald, 490 So.2d 4 (Ala.Civ.App. 1986).
Applying this standard in the present case, we cannot say that the trial court's judgment is plainly and palpably wrong. There is clear and convincing evidence which supports the trial court's decision to terminate the mother's parental rights.
The record reveals that, approximately four months after the child was born, the mother was indicted for murder in the shooting death of the parties' four-year-old son, the brother of the child in question.
The mother was subsequently adjudged "not guilty by reason of insanity" and involuntarily committed to the Florida State Hospital, where she has continued as an inmate to the present date. She was diagnosed as a chronic schizophrenic and is currently required to take daily medication to control her psychotic condition.
The medical evidence indicated that the mother is not expected to be "cured" of her mental illness in the future. The testimony of Dr. Gottlieb, a clinical psychologist who treats the mother, indicated that, although the mother's schizophrenia is apparently in remission, there is no guarantee that she will never have another violent "episode." Dr. Gottlieb testified that "without medication . . . there would be a good probability that she could act . . . possibly violently." This testimony was concurred in by that of Dr. McMillan, a psychologist who evaluated the mother in the Florida State Hospital.
Under Ala. Code (1975), § 26-18-7(a)(2) and (3), the above evidence showing the mother's mental illness and her past cruelty to the child's brother (resulting in his death) apparently due to mental illness supports the decision by the trial court to terminate the mother's parental rights.
In addition, the record reflects that, shortly after the death of his son, the father was divorced from the mother. He was awarded sole legal and physical custody of the child, with no visitation rights being given to the mother. He was subsequently remarried, and the minor child has lived with the father and his new wife to the present date. The wife has apparently raised the child as her mother since the child was approximately one year old and wishes to adopt the child. The child has not seen or communicated with the mother since she was approximately one year old.
We find that all of this evidence clearly and convincingly supports the trial court's determination that the mother's parental rights should be terminated. The trial court fully complied with § 26-18-7, the statute governing the termination of parental rights. The mother's contention that her due process rights were violated due to a failure to follow the statute is without merit.
The mother also contends on appeal that her due process rights were violated because the hearing on the father's petition to terminate her parental rights was conducted in her absence. The record reveals that the Florida courts would not allow the mother's release to attend the hearing.
This court has held that, despite a party's absence (due to incarceration) from a termination of parental rights hearing, such party is not denied due process where he or she is fully represented at the hearing by counsel and has the opportunity to present evidence, including testimony by deposition.Pignolet v. State Department of Pensions Security,489 So.2d 588 (Ala.Civ.App. 1986).
The record reflects that the mother was fully represented by counsel at the hearing and had every opportunity to present evidence on behalf of her case. Her claim that she was denied due process is, therefore, without merit.
Finally, the mother contends that the trial court erred to reversal by admitting into evidence the mother's medical records. We disagree.
As already noted, the mother's mental illness is a factor which may be considered by the trial court in determining whether to terminate the mother's parental rights.See Ala. Code (1975), § 26-18-7(a)(2). To this end, the trial court may admit into evidence and consider the mother's medical *Page 962 
records, despite the fact that such records are ordinarily protected from disclosure by the psychologist-patient privilege. Matter of Von Goyt, 461 So.2d 821 (Ala.Civ.App. 1984).
This case is due to be affirmed.
AFFIRMED.
BRADLEY, P.J., and INGRAM, J., concur.