This is a termination of parental rights case.
After an ore tenus hearing the trial court terminated the parental rights of Deborah Kunkle Ogle and Samuel Ogle, a/k/a Samuel Sanders, in their five children. The court placed permanent legal custody of the children with their maternal grandparents, an aunt and uncle, and a great aunt. The father appeals. We affirm.
The dispositive issue on appeal is whether the trial court violated the incarcerated father's due process rights by refusing to order him to be brought from the prison for the hearing to terminate his parental rights.
The facts are not in dispute. In 1986 the maternal grandparents and the aunt and uncle filed petitions requesting that the children be found dependent and to be awarded temporary legal custody of the children. The petitions were granted, and the petitions were subsequently reviewed, custody remaining with the grandparents and the aunt and uncle.
While a second temporary custody petition was pending, the father was indicted by the Mobile County grand jury for rape and sexual abuse involving three of these children. The father was tried, convicted, and incarcerated in Holman Prison, Atmore, Alabama.
In February 1988 a petition to terminate the parental rights was filed by the aforementioned relatives of the children. Prior to the hearing, the father received notice of the hearing, and an attorney was appointed to represent his interests.
In April the father filed a motion to compel his attendance at the hearing or, in *Page 260 
the alternative, to approve extraordinary expenses. The trial court denied the motion to compel, but granted the motion to approve extraordinary expenses.
Due process of law requires that there be notice, a hearing conducted in accord with that notice, and a judgment consistent with that notice and hearing. Opinion of the Justices No. 238,345 So.2d 1354 (Ala. 1977).
As regards the termination of the parental rights of incarcerated parents, where they receive notice of the petition and hearing, are represented by counsel at the hearing, and the trial court grants them an opportunity to present testimony by deposition, then there is no violation of their due process rights. Pignolet v. State Department of Pensions Security,489 So.2d 588 (Ala.Civ.App. 1986).
In this case notice of the proceeding was given, and an attorney was appointed to represent the father. Furthermore, the trial court, in granting his motion to approve extraordinary expenses, allowed appointed counsel to travel to Holman Prison and take the father's deposition. The father's deposition was admitted into evidence at the termination hearing, and the father's counsel cross-examined all of the witnesses testifying at the hearing. Needless to say, this court finds no denial of due process in this case.Pignolet, 489 So.2d 588.
This case is due to be affirmed.
AFFIRMED.
BRADLEY, P.J., and INGRAM, J., concur. *Page 497