HOLMES, Presiding Judge.
This is a child visitation case.
The father filed with the trial court (1) a “petition to establish visitation rights” and (2) a “motion for ex parte visitation.” After an ore tenus hearing the trial court denied both the petition and the motion and entered the following order:
“The defendant-father seeks an order allowing him limited visitation with his children at the penitentiary at Capshaw, Alabama, where he is imprisoned. This judge freely admits that he feels completely unqualified to render a decision in this matter and feels that there is no ‘correct’ answer.
“This court has strong feelings concerning a child visiting with his non-custodial parent in a divorce status. In the opinion of the court, such visitation should be allowed and enforced in all except certain rare situations.
“In the instant matter, however, the defendant is serving a sentence in the penitentiary for his killing of his wife, the mother of these children.
“The court has carefully considered the respective positions of the parties, but more importantly, that of the children, and finds that a portion of the order rendered on the 15th day of December 1987, is pertinent here, i.e., ‘(the Lorias) must be recognized as the substitute parents of these children.’
*563 “Under the circumstances, the court is of the opinion that this decision should be left in the purview of such substitute parent and the children. It is, therefore, ADJUDGED that the petition and motion of the defendant should be and are hereby denied. All other orders and judgments herein remain in full effect.”
The father appeals, and we affirm.
The father’s only argument on appeal is that he was denied due process of law without being afforded a hearing. In other words, the father is alleging that there was no hearing concerning his “petition to establish visitation rights.”
We find no merit in this argument. The record reveals that on August 1, 1988, a hearing pertaining to the issue of visitation rights was held in Marshall County before the Honorable William Jetton. All interested parties were present with the exception of the father. However, as noted in the above order, the father is presently in prison and was represented at the hearing by his attorney. See Thornton v. Thornton, 519 So.2d 960 (Ala.Civ.App.1987).
Suffice it to say that we have reviewed the record and find that the hearing on August 1, 1988, completely addressed all issues raised by the father in both petitions. Clearly, the father in this instance was not denied due process of law.
The above is the only issue raised by the father. We note, however, that, in view of the facts surrounding this case, it appears that the trial court did not abuse its discretion in determining that it was not in the best interests of the children to visit the father in prison. Fanning v. Fanning, 504 So.2d 737 (Ala.Civ.App.1987).
This case is due to be affirmed.
AFFIRMED.
INGRAM and ROBERTSON, JJ., concur.