This is an adoption case.
On November 3, 1988, the appellees filed a petition for adoption in the Autauga County Probate Court. The case was subsequently transferred to the juvenile court. Petitions for temporary legal custody were then filed by both the paternal grandmother and a paternal aunt of the minor child. An ore tenus hearing on the petition for adoption was held on April 12, 1989, at which time the trial court issued an interlocutory order granting the adoption in favor of the appellees.
Both the natural mother and the natural father appeal.
Initially, we note that, unless otherwise provided by law, appeals lie only from final orders or judgments. Wolf v. Smith,414 So.2d 129 (Ala.Civ.App. 1982). Consequently, the instant case is not appealable. The appellants have requested that this be viewed as a writ of mandamus. In the past this court has, in its discretion, treated such an appeal as a petition for a writ of mandamus in order to reach the merits of the case. AlabamaDepartment of Pensions Security v. Johns, 441 So.2d 947
(Ala.Civ.App. 1983). We choose to do so here.
The dispositive issue is whether the natural father was denied due process in that he was not given notice of the adoption proceeding, was not given an opportunity to be heard, and was not represented by counsel.
Based on testimony by the natural mother, the trial court found that the minor child was illegitimate. However, the appellant father's name appears on the child's birth certificate, and the natural mother testified that he is the child's father.
The adoption proceedings were initiated by the natural mother without the consent of the natural father. Although she petitioned the court to terminate his parental rights, no order was entered to that effect. Consequently, the adoption entered by the trial court falls within the purview of § 26-10-3, Ala. Code 1975 (1986 Repl.Vol.). That section provides:
 "In case of illegitimacy, where parental rights have not been terminated by order of a juvenile court or court of like jurisdiction, the consent of the mother alone shall suffice, except that the unwed father shall be given notice of the adoption proceedings and opportunity to be heard (1) where paternity has been established, or (2) where the name and address of the unwed father is shown on the petition or (3) where the name and address of the father is otherwise known to the court."
(Emphasis supplied.)
We find appellees' argument that the presence of the natural father was not necessary for the court to proceed with the adoption because paternity had not been established to be erroneous. The statute, however, is clear that an adjudication of paternity is but one factor in determining when the father of an illegitimate child *Page 1068 
must be given notice and an opportunity to be heard prior to the court's granting an adoption. Also to be considered is whether the court has knowledge of the father's identity and address.
Here, such knowledge existed. In fact, in its order the court noted that the father was incarcerated in the Jefferson County jail in Birmingham, Alabama. The court also acknowledged that the attempted service on the father of a summons was ineffective because it was not received until after a hearing on the appellees' petition for adoption.
In an analogous case dealing with the termination of an incarcerated father's parental rights, this court set forth the due process owed such an individual. Sanders v. Kunkle,533 So.2d 259 (Ala.Civ.App. 1988). There we stated:
 "Due process of law requires that there be notice, a hearing conducted in accord with that notice, and a judgment consistent with that notice and hearing. Opinion of the Justices No. 238, 345 So.2d 1354 (Ala. 1977).
 "As regards the termination of the parental rights of incarcerated parents, where they receive notice of the petition and hearing, are represented by counsel at the hearing, and the trial court grants them an opportunity to present testimony by deposition, then there is no violation of their due process rights. Pignolet v. State Department of Pensions Security, 489 So.2d 588 (Ala.Civ.App. 1986)."
Id. at 260. Here, no such opportunity was afforded the natural father. Consequently, we find that the father was denied his fundamental rights of due process. Therefore, we grant the writ of mandamus conditionally. If the Autauga County Juvenile Court does not vacate its interlocutory adoption order within ten days from the rendition of this decision, this writ shall issue. Furthermore, we pretermit a discussion of the appellants' remaining issue because it regards an alleged denial of due process to both the paternal grandmother and a paternal aunt, neither of whom is a party to the instant appeal.
WRIT GRANTED CONDITIONALLY.
INGRAM, P.J., and ROBERTSON, J., concur.