CRAWLEY, Judge.
This case requires us to answer the following question: when a custodial parent files an action, pursuant to Ala.Code 1975, § 26-18-1 et seq., to terminate the parental rights of the noncustodial parent, does the noncustodial parent have a right to appointed counsel if he is indigent?
This action originated in the juvenile court when D.C.A., the mother and custodial parent of J.L.B., filed a petition to terminate the parental rights of K.P.B., her former husband and the father of J.L.B. The mother is remarried, and her husband wishes to adopt the child. The father, who is on death row in a Tennessee prison, filed a pro se answer objecting to the termination of his parental rights. When the case was called for trial, *751 the father did not appear. The mother offered evidence in support of the petition, and the juvenile court entered a judgment terminating the father’s parental rights.
The father appealed to the circuit court and requested to be allowed to proceed in form a pauperis and to have counsel appointed for him. The circuit court denied the father’s request for appointed counsel, on the authority of Lassiter v. Department of Social Services, 452 U.S. 18, 101 S.Ct. 2153, 68 L.Ed.2d 640 (1981). When the father failed to appear at trial in the circuit court, that court dismissed the appeal and remanded the cause to the juvenile court for reinstatement of the judgment terminating the father’s parental rights.
In Lassiter, the Supreme Court held that the Due Process Clause of the United States Constitution does not require the appointment of counsel for indigents in termination-of-parental-rights cases. In Alabama, indigent parents have a statutory right to appointed counsel in at least one kind of parental-rights termination proceeding — a proceeding initiated by a pleading alleging that a child is “dependent” within the meaning of Ala.Code 1975, § 12-15-1(10). See Ala. Code 1975, § 12-15-63(b); Valero v. State Dep’t of Human Resources, 511 So.2d 200, 202 (Ala.Civ.App.1987). “[Pjarents of a child in a dependency case must be advised of their right to be represented by counsel and to have counsel appointed, pursuant to 12 — 15—63(b), Ala.Code 1975.” F.D.M. v. C.D.S., 646 So.2d 117, 118 (Ala.Civ.App.1994).
Typically, “[i]t is in dependency cases that the issue of termination of parental rights arises.” Matter of Ward, 351 So.2d 571, 573 (Ala.Civ.App.1977). See Smoke v. State Dep’t of Pensions & Security, 378 So.2d 1149 (Ala.Civ.App.1979). When the State seeks to terminate parental rights, it must allege and prove that the child is “dependent,” within the meaning of § 12-15-1(10). See Ex parte Beasley, 564 So.2d 950, 954 (Ala.1990). In such cases, indigent parents are entitled to appointed counsel. Matter of Ward, 351 So.2d at 573.
“The legislature has ... by statute recognized that an action brought by the state which involves the termination of parental rights is of such importance that a parent must be informed of the right to counsel, and if indigent, must be furnished counsel. Such legislative .and statutory recognition is in line with statements of the United States Supreme Court as to the fundamental nature of parental rights....
“The legislature in providing for appointed counsel for indigent parents in the trial of termination of rights cases acted in recognition that such cases represent state action in derogation of fundamental constitutional rights.”
351 So.2d at 573 (emphasis added).
However, “when one parent seeks to terminate the other parent’s parental rights, a ‘finding of dependency,’ as a matter of law, is not required.” Ex parte Beasley, 564 So.2d at 951.[1] Without a dependency allegation to bring the proceeding within the purview of § 12 — 15—63(b), it might be argued, as the appellee argues here, that when one parent moves to terminate the other parent’s rights, an indigent parent does not have a statutory right to appointed counsel. We think that result is foreclosed by the holding of the Alabama Supreme Court in Ex parte Shuttleworth, 410 So.2d 896 (Ala.1981).
In Shuttleworth, our supreme court stated: “We can perceive no reason to guarantee these due process safeguards [including the right to appointed counsel] in a delinquency case and refuse them in a case terminating parental rights. In the former, the child is subject to severe punishment by incarceration or otherwise. In the latter, the natural bonds of family are subject to destruction. The judicial action *752 in both instances portends grave consequences, indeed. Our courts, to their credit, have perceived no distinction.”
410 So.2d at 899.
When the United States Supreme Court held, in Lassiter, that there is no federal constitutional-right to appointed counsel in a parental-rights termination ease, that Court observed: .
“A wise public policy, however, may require that higher standards be adopted than those minimally tolerable under the Constitution. Informed opinion has clearly come to hold that an indigent parent is entitled to the assistance of appointed counsel not only in parental termination proceedings, but also in dependency and neglect proceedings as'well.”
452 U.S. at 33-34, 101 S.Ct. at 2163. It appears that in Shuttleivorth the Alabama Supreme Court did adopt “higher standards than those minimally tolerable under the [federal] Constitution.”
Lassiter was decided in June 1981. Shut-tleivorth was decided in October 1981, four months later. Because Lassiter had just held that there was no federal due process right to appointed counsel in a termination ease, we assume that, when our supreme court referred in Shuttleivorth to “due process safeguards,” it meant due process safeguards provided by the Alabama Constitution. We conclude that in Shuttleivorth the Alabama Supreme Court found a due process right to appointed counsel for indigents in termination-of-parental-rights eases.
Accordingly, we reverse the judgment of the district court and remand the cause with instructions that counsel be appointed to represent K.P.B.
REVERSED AND REMANDED WITH INSTRUCTIONS.
THIGPEN and YATES, JJ., concur.
ROBERTSON, P.J., and MONROE, J., dissent.

. Thornton v. Thornton, 519 So.2d 960 (Ala.Civ.App.1987); Sanders v. Kunkle, 533 So.2d 259 (Ala.Civ.App.1988); and J.C. v. AGAPE of Central Alabama, 590 So.2d 302 (Ala.Civ.App.1991), are termination-of-parcntal-rights cases in which the State was not a party. Nevertheless, all three petitions contained a ‘'dependency” allegation. These cases were tried before Ex parte Beasley, 564 So.2d 950 (Ala.1990), held that a finding of dependency is not required when one parent seeks to terminate the other parent's parental rights. Ex parte Beasley, 564 So.2d at 951.