CRAWLEY, Judge,
dissenting.
I do not agree that the appeal was untimely. The father’s March 18, 1997, pro se filing entitled “Appeal of Decisions of March 3, 1997” was treated by the trial court — and should be construed by this court — both as a petition for rehearing pursuant to § 12-15-6(d), Ala.Code 1975, and as a notice of appeal.
Upon receipt of that filing, the juvenile court not only denied the father post-judgment relief, but also appointed him appellate counsel and granted him a free transcript on appeal. The father’s appointed counsel, taking her cue from the trial court, also treated her client’s earlier pro se filing as both a post-judgment motion and a notice of appeal. Counsel averred:
“The appellant has previously filed an affidavit of hardship requesting appointed attorney for appeal, permission to proceed without prepayment of costs or fees,or the necessity of giving security therefor and for a free transcript.”
The majority is apparently troubled by the fact that the father’s filing alleged that it was filed “on behalf of the minor child.” However, the language used by a pro se litigant cannot be viewed in a technical sense. It is likely that, by the phrase, “on behalf of [the minor child] by [her father],” the father meant only that the child was the object of his concern, and not that she was his ward or that he was her legal .guardian. Moreover, “the incorrect naming of the appealing party may be ... treated as a clerical error,” Ex parte Singleton, 475 So.2d 186, 189 (Ala.1985), and “[n]othing in the [appellate] rules is designed to catch the unwary on technicalities.” Edmondson v. Blakey, 341 So.2d 481, 484 (Ala.1976).
The father’s March 18, 1997, filing clearly indicated an intent to appeal from the juvenile court’s judgment, and the juvenile court treated it as a notice of appeal. This court’s hypertechnical construction of that filing is the epitome of the elevation of form over substance. I would hold that the appeal was timely. On the merits of the appeal, I would hold that § 12-15-63(b), Ala.Code 1975, controls, and that the father was entitled to appointed counsel at trial.
Section 12-15-63(b) provides:
“In dependency cases, the parents, guardian or custodian shall be informed of their right to be represented by counsel and, upon request, counsel shall be appointed where the parties are unable for financial reasons to retain their own.”
“[Pjarents of a child in a dependency case must be advised of their right to be represented by counsel and to have counsel appointed, pursuant to § 12—15—63(b), Ala. Code 1975.” F.D.M. v. C.D.S., 646 So.2d 117, 118 (Ala.Civ.App.1994). “The right of the parents of a child in a dependency case to be represented by counsel at every stage of the proceeding is a fundamental one.” Smoke v. State Dep’t of Pensions & *1193 Security, 378 So.2d 1149, 1150 (Ala.Civ.App.1979) (emphasis added). See Rule 22, Ala. R. Juv. P. This case arises out of the dispositional stage of a dependency proceeding. The father was entitled to appointed counsel if he was “unable for financial reasons to retain [his] own.”
The juvenile court did not state a reason for denying the father’s request for a “public defender” at trial. However, because the court appointed appellate counsel for the father and granted the father a free transcript on appeal, there is a substantial probability that the court determined that the father was indigent. I would, therefore, remand with instructions for the trial court to determine whether, at the time of trial, the father was indigent, and, if so, to grant the father a new trial.