J.A.H. (the "father") appeals from a judgment terminating his parental rights. After their child was removed from their home by the Calhoun County Department of Human Resources ("DHR"), M.H. ("the mother") and the father completed an affidavit of substantial hardship and requested that an attorney be appointed to represent them. The trial court appointed Wendy Draper to represent the parents. Some time before December 2001, the father and the mother separated, and the father was incarcerated. At an untranscribed hearing, the mother informed the trial court of those developments. At that hearing, Ms. Draper was relieved of representing the father because of a potential conflict of interest.[1] The father, who was not present at this hearing, alleges in a letter he later wrote to Ms. Draper that he was informed that he would be appointed new counsel when she ceased representing him. DHR filed a motion in December 2001 requesting the trial court to appoint counsel for the father; the trial court denied the motion, indicating that the father had not requested counsel.
At the termination hearing, Ms. Draper presented the trial court with the letter from the father, who was still incarcerated, in which he asked why he had not heard from the attorney he believed the court was appointing in Ms. Draper's stead. The trial court stated that the father's request for counsel came too late. After a brief termination hearing, consisting of only the testimony of a DHR caseworker, the trial court terminated the father's rights. The father filed a notice of appeal and requested that appellate counsel be *Page 1095 
appointed. The trial court granted that request.
The father argues that the trial court erred to reversal by failing to appoint him an attorney once Ms. Draper was relieved of representing him. DHR responds by arguing that the father never requested an attorneyafter Ms. Draper was relieved of representation and that he cannot now complain of an error into which he led the trial court. We hold that the father, having requested counsel at the earlier stage of the proceeding, was not required to make an additional request, and we conclude that the trial court erred by failing to appoint substitute counsel for the father in this case.
An indigent parent facing the termination of his parental rights is entitled to the appointment of counsel. Ala. Code 1975, § 12-15-63;Ex parte Shuttleworth, 410 So.2d 896 (Ala. 1981); Smoke v. State Dep'tof Pensions Sec., 378 So.2d 1149 (Ala.Civ.App. 1979); In re Ward,351 So.2d 571 (Ala.Civ.App. 1977). The father in the present case, pursuant to the statute, requested appointed counsel on June 16, 1999. In accordance with the statute, the trial court appointed Ms. Draper to represent both the mother and the father on that same date. At some point, however, the trial court relieved Ms. Draper of representation of the father and left the father, who had already requested counsel, to defend the termination petition without benefit of counsel.
DHR argues that the trial court should not be expected repeatedly to inform a parent of his or her right to appointed counsel in dependency and termination cases, appearing to believe that informing a parent of that right once should suffice. We do not necessarily disagree. However, by that same token, we find it unduly burdensome and overly technical to require a parent to repeatedly request the appointment of counsel when he or she has previously requested counsel and has already proven his or her entitlement to such counsel. We do not conclude that the trial court in the present case erred by failing to inform the father of his right to counsel; instead, we conclude that the trial court erred by requiring the father to repeat his request for counsel.
In the criminal context, when a defendant has established that his appointed attorney should be relieved of representation because of a conflict of interest, the trial court must substitute new counsel. SeeRobinson v. State, 581 So.2d 1197, 1200 (Ala.Crim.App. 1990) (quoting 2 W. LaFave J. Israel, Criminal Procedure § 11.4 at 36-37 (1984)); see also Rule 1.16(d), Ala. R. Prof. Cond. Although the basis of the constitutional right to counsel in criminal cases differs from the statutory right to counsel in termination-of-parental-rights cases, we see enough of a parallel between the two rights in this context to require a trial court that relieves an appointed attorney in a termination case of representation to appoint substitute counsel so as to protect the parent's already exercised right to counsel under § 12-15-63. The trial court's failure to appoint substitute counsel for the father in the present case was error. See K.P.B. v. D.C.A., 685 So.2d 750,752 (Ala.Civ.App. 1996); Smoke, 378 So.2d at 1150. On remand, the trial court should appoint counsel to represent the father.
REVERSED AND REMANDED.
Yates, P.J., and Pittman and Murdock, JJ., concur.
Thompson, J., concurs in the result.
[1] The trial court failed to note the withdrawal of Ms. Draper as the father's attorney on the case action summary sheet. Because DHR and the father agree that the withdrawal did in fact occur and that it was sanctioned by the trial court, we will accept that the trial court did order that Ms. Draper be relieved of representing the father. If there had been a conflict as to this fact, we note that the record would support the conclusion that Ms. Draper still represented the father. *Page 1096