CRAWLEY, Presiding Judge,
dissenting.
Because I do not believe that T.E.T. (“the father”) had proper notice that he had the right to have counsel appointed to represent him if he was indigent, I respectfully dissent from the no-opinion af-firmance in this termination-of-parental-rights case.
In my view, the record does not indicate that the father was properly informed that he had a right to an appointed attorney if he was indigent. First, although the referee’s report stated that the father was told, in a pretrial hearing, that he had a right to counsel, that is different from being informed by the trial judge that he had a right to appointed counsel if he was indigent. Second, a notation on the trial court’s case-action summary indicated only that the father was served with a copy of *159 the summons, complaint, and petition and that “neither parent (putative) requested an appointment of counsel.” The fact that the father did not ask for counsel does not mean that he was informed that he had a right to counsel. Third, the absence in the record of the summons, which the father sought to have included in the record when he requested that the trial court supplement the record to include “any notice of right to counsel addressed to [the father],” should not be considered a “fact” that supports the proposition that the father had proper notice. Granted, Rule 10(a)(1), Ala. R.App. P., provides that the summons shall not be included in the record on appeal unless specifically designated by a party; however, in this case the father clearly attempted to supplement the record appropriately, and to penalize him for the trial court’s failure to include the summons in the record in this parental-rights termination case represents an overly technical, and unjust, construction of the rule. See Rule 10, Ala. R.App. P., Committee Comments (stating that “[s]ince each party has the option to include such matters as he deems relevant and appropriate [in the record], this rule will abolish the existing presumption that if there is an omission from the record of any matter essential to a decision of any question presented on appeal, the ruling of the trial court will be deemed correct”); see also Rule 1, Ala. R.App. P. (stating that the Rules of Appellate Procedure “shall be construed so as to assure the just, speedy, and inexpensive determination of every appellate proceeding on its merits”).
Finally, I note that at the start of the parental-rights termination hearing, the trial judge stated:
“It has also been pointed out to me this morning that neither [the mother] nor [the father] have attorneys that are representing them with regard to the matters that are before the Court here today.
“This Court notes that both the parties were served personally with summons, complaints and other materials that indicated to them that they could come to Court and apply to have an attorney appointed to represent them with regard to these matters and neither have come forward prior [to] today’s date.”
The above statement does not affirmatively indicate that the father was properly told he had a right to counsel. If anything, the above statement indicates that the parents desired to have counsel appointed to them, but, as the trial court stated, they did not “come forward prior [to] today’s date.” Certainly, the trial judge did not, at that time, inform the father of his rights or ask the father if he was aware that he could have an attorney appointed to represent him.
It is a long-established precedent of this court that “[t]he right of the parents of the child in a dependency case to be represented by counsel at every stage of the proceeding is a fundamental one protected by statute and court decision.” Smoke v. State Dep’t of Pensions & Sec., 378 So.2d 1149, 1150 (Ala.Civ.App.1979) (citing § 12-15-63, Ala.Code 1975; Crews v. Houston County Dep’t of Pensions & Sec., 358 So.2d 451 (Ala.Civ.App.1978); and In re Ward, 351 So.2d 571 (Ala.Civ.App.1977)). Thus, we have noted that the “statute [i.e., § 12-15-63,] places upon the court the duty of informing the parents, guardian or custodian of their right to counsel and their right to have counsel appointed where they are unable for financial reasons to retain their own.” Smoke, 378 So.2d at 1150. Although it is true that this case concerns a statutory right, it is also true that a parent’s right to be a parent of his or her own child is so fundamental to our *160 society that strong procedural safeguards must be in place to protect that right. Troxel v. Granville, 530 U.S. 57, 66, 120 S.Ct. 2054,147 L.Ed.2d 49 (2000)(recogniz-ing that parents have a fundamental right to make decisions concerning the care, custody, and control of their own children, or, in other words, a fundamental right to be parents); see also J.A.H. v. Calhoun County Dep’t of Human Res., 846 So.2d 1093 (Ala.Civ.App.2002) (noting that although the basis of the constitutional right to counsel in criminal cases differs from the statutory right to counsel in termination-of-parental-rights cases, there is enough of a parallel between the two types of cases to require a trial court that relieves an appointed attorney in a termination-of-parental-rights case to appoint substitute counsel), and Watts v. Watts, 706 So.2d 749, 752 (Ala.Civ.App.1997) (Crawley, J., dissenting)(noting that a trial court should have an affirmative duty to advise a litigant that he had a right to counsel when faced with contempt for a failure to pay court ordered-child support and alimony).
Because the right to have appointed counsel if one is indigent is so important in a parental-rights termination case, I believe that a trial judge has a duty to determine that a parent is aware of that right. Cf. Ex parte Parcus, 615 So.2d 78, 82 (Ala.1993) (Maddox, J. dissenting) (noting that a trial judge has the responsibility to discharge his or her duty to inform an accused person of his or her right to counsel, to discharge this duty properly, and to investigate the knowledge of the accused as to this right “as long and as thoroughly as the circumstances of the case before him demand”).
Because I do not believe that father was properly informed that he could have an attorney appointed to represent him if he was indigent, I must dissent.