CRAWLEY, Presiding Judge.
This is a dependency action. The juvenile court failed to inform S.N.S.D. (“the mother”) of her right to counsel during the three proceedings in this action. At the conclusion of the December 13, 2005, proceeding in which the juvenile court ruled that the child at issue would not be returned to the mother, the following colloquy transpired:
“[The Mother]: So I just need to get a lawyer?
“THE COURT: Pardon me?
“[The Mother]: Do I need to get a lawyer?
“THE COURT: That’s up to you on that.”
The juvenile court led the mother to believe that whether she obtained legal counsel was a matter with which the court was not concerned. The court informed her neither that she had a right to be represented by a lawyer nor that if she could not afford a lawyer one would be appointed for her.
The Alabama Legislature has extended the right to counsel to parents in dependency proceedings. See 12-15-63(b), Ala. Code 1975. Furthermore, in Smoke v. State Department of Pensions & Security, 378 So.2d 1149 (Ala.Civ.App.1979), this court stated:
“The right of the parents of the child in a dependency case to be represented by counsel at every stage of the proceeding is a fundamental one protected by statute and court decision. § 12—15— 63, Code of Alabama (1975); Crews v. Houston County Department of Pensions and Security, 358 So.2d 451 (Ala.Civ.App.1978); In re Ward, 351 So.2d 571 (Ala.Civ.App.1977). The statute places upon the court the duty of informing the parents, guardian or custodian of their right to counsel and their right to have counsel appointed where they are unable for financial reasons to retain their own. §§ 12-15-63(b), 65(b), Code of Alabama (1975). A careful review of the record reveals that Smoke was never [apprised] of his right to be represented by counsel at the dependency hearing. Absent an informed waiver of his rights under the statute, the failure of the trial court to inform him of those rights as required by §§ 12-15-63(b), 65(b) was error requiring reversal of the trial court’s order.”
378 So.2d at 1150 (emphasis added).
Based on the foregoing, we reverse the juvenile court’s judgment and remand this case for proceedings consistent with this opinion.
REVERSED AND REMANDED.
THOMPSON and MURDOCK, JJ., concur.
BRYAN, J., concurs in the result, without writing.
PITTMAN, J., dissents, with writing.