On Return to Remand
R.H. ("the mother") appeals from a judgment of the Baldwin Juvenile Court finding L.W. ("the child") dependent and awarding D.N. ("the paternal grandmother") custody of the *Page 2 
child.
On December 6, 2005, the paternal grandmother petitioned the Montgomery Juvenile Court seeking a judgment finding the child dependent. On the same day, the paternal grandmother filed with the Montgomery Juvenile Court an ex parte motion seeking an emergency order placing custody of the child with her. On January 12, 2006, the Montgomery Juvenile Court entered an order awarding the paternal grandmother "temporary sole physical custody" of the child and transferring the cause to the Baldwin Juvenile Court ("the juvenile court"). On March 13, 2006, N.F. ("the maternal grandmother") moved the juvenile court for leave to intervene to seek custody of the child. The juvenile court granted that motion. On March 24, 2006, the maternal grandmother petitioned the juvenile court for custody of the child. On September 26, 2006, the mother and the maternal grandmother filed with the juvenile court a "joint motion for ex parte relief" in which they requested that the mother be awarded temporary custody of the child pending a final hearing on the matter. On December 20, 2006, the mother petitioned the juvenile court for a judgment finding the child dependent. *Page 3 
The juvenile court held ore tenus proceedings regarding the parties' petitions in October 2006, February 2007, and August 2007. On August 28, 2007, the juvenile court entered a judgment that, among other things, found the child dependent and granted the paternal grandmother custody of the child. The mother appealed from the juvenile court's August 28, 2007, judgment arguing, among other things, that the juvenile court had erred by failing to appoint her an attorney to represent her on appeal. This court remanded the cause to the juvenile court with instructions to appoint appellate counsel for the mother. See R.H. v. D.N., [Ms. 2061155, May 9, 2008] ___ So. 2d ___, ___ (Ala.Civ.App. 2008).
On return to remand, the mother, through her court-appointed counsel, appeals from the juvenile court's August 28, 2007, judgment. The mother's sole argument on appeal is that the juvenile court erred by failing to appoint her an attorney to represent her during the dependency proceedings. We agree.
"It is well settled that the `constitutional due process clause does not require the appointment of counsel for an indigent parent in dependency and temporary custody *Page 4 
proceedings.'" W.C. v. State Dep't of Human Res., 887 So. 2d 251, 256
(Ala.Civ.App. 2003) (quoting Morgan v. Lauderdale County Dep't ofPensions Sec., 494 So. 2d 649, 651 (Ala.Civ.App. 1986), citing in turn Lassiter v. Department of Soc. Servs. of Durham County, NorthCarolina, 452 U.S. 18, 34 (1981)). However, "`[p]arents of a child in a dependency case must be advised of their right to be represented by counsel and to have counsel appointed, pursuant to [ § ] 12-15-63(b), Ala. Code 1975.'" K.P.B. v. D.C.A., 685 So. 2d 750, 751 (Ala.Civ.App. 1996) (quoting F.D.M. v. C.D.S., 646 So. 2d 117, 118 (Ala.Civ.App. 1994)).
Section 12-15-63(b), Ala. Code 1975, provides:
 "(b) In dependency cases, the parents, guardian or custodian shall be informed of their right to be represented by counsel and, upon request, counsel shall be appointed where the parties are unable for financial reasons to retain their own.
 "The court shall also appoint counsel for the child in dependency cases where there is an adverse interest between parent and child or where the parent is an unmarried minor or is married, widowed, widowered or divorced and under the age of 18 years or counsel is otherwise required in the interests of justice."
(Emphasis added.) In Smoke v. State, Department of Pensions Security, 378 So. 2d 1149, 1150 (Ala.Civ.App. 1979), we *Page 5 
stated:
 "The right of the parents of the child in a dependency case to be represented by counsel at every stage of the proceeding is a fundamental one protected by statute and court decision. § 12-15-63, Code of Alabama (1975); Crews v. Houston County Department of Pensions and Security, 358 So. 2d 451 (Ala.Civ.App. 1978); In re Ward, 351 So. 2d 571 (Ala.Civ.App. 1977). The statute places upon the court the duty of informing the parents, guardian or custodian of their right to counsel and their right to have counsel appointed where they are unable for financial reasons to retain their own. §§ 12-15-63(b), 65(b), Code of Alabama (1975)."
(Emphasis added.)
The record on appeal establishes that the Montgomery Juvenile Court, on December 8, 2005, appointed the mother an attorney. After the case had been transferred to the juvenile court, the mother, on February 16, 2006, filed an affidavit of substantial hardship asserting that she was financially unable to hire an attorney and requesting that the juvenile court appoint an attorney to represent her. On February 27, 2006, the juvenile court received a letter from the mother in which she again asserted that she did not have adequate financial resources to hire an attorney. The juvenile court, in a notice dated March 7, 2006, denied the mother's request for appointed counsel. *Page 6 
The record on appeal also establishes that, in April 2006, attorney Thomas Bear filed a notice of appearance on behalf of the mother. On December 4, 2006, Bear moved to withdraw as counsel asserting, among other things, that the mother had "failed to pay for the services rendered." The juvenile court, on January 9, 2007, entered an order granting Bear's motion to withdraw.[1]
On December 20, 2006, the mother filed an affidavit of substantial hardship again asserting that she was financially unable to hire an attorney and requesting that the juvenile court appoint an attorney to represent her. The juvenile court again refused to appoint counsel for the mother; however, the juvenile court, finding that the mother was indigent, waived prepayment of the docket and service fees. On September 10, 2007, the mother, through attorney Jerry Blevins, moved the juvenile court to provide her with trial transcripts free of charge on the basis that she was "financially unable to bear the costs of obtaining" the *Page 7 
transcripts.[2] On September 11, 2007, the juvenile court ordered the mother to complete a new affidavit of substantial hardship. The juvenile court then granted the mother's motion seeking free trial transcripts on September 28, 2007.[3] In October 2007, the juvenile court received a letter from the mother requesting, among other things, an attorney.
The mother filed with the juvenile court two affidavits of substantial hardship and also submitted two letters stating that she could not afford to hire an attorney and requesting that the juvenile court appoint an attorney to represent her. The juvenile court had denied each of the mother's requests for an attorney. The mother retained Bear to represent her after the juvenile court denied her first request for an attorney; however, Bear later withdrew from the case based, in part, on the mother's failure to pay for services rendered.
Therefore, the record tends to establish that the mother could *Page 8 
not afford to retain her own counsel. Because the mother could not afford to retain her own counsel and the juvenile court refused to appoint counsel to represent her, the mother appeared at dependency proceedings in this case on February 17, 2007, August 3, 2007, and August 15, 2007, without the assistance of counsel. Furthermore, the record on appeal does not indicate that the mother waived her right to counsel. Because Alabama law affords a parent the right to a court-appointed attorney at every stage of a dependency case, we conclude that the juvenile court erred by failing to appoint an attorney to represent the mother during the dependency proceedings. See
§ 12-15-63(b); Smoke, supra. Accordingly, we reverse the juvenile court's August 28, 2007, judgment and remand the cause to the juvenile court for a new trial with instructions to appoint an attorney for the mother.
The paternal grandmother's motion to dismiss the appeal or, in the alternative, to strike the mother's brief as untimely is denied.
REVERSED AND REMANDED.
Thompson, P.J., and Pittman, Thomas, and Moore, JJ., concur.
[1] The record on appeal reveals that Bear, on February 21, 2007, again moved to withdraw as the mother's counsel; however, the record does not reflect that Bear had filed a second notice of appearance after the juvenile court had granted his prior motion to withdraw.
[2] The record on appeal does not reflect that Blevins filed a notice of appearance with the juvenile court. On September 17, 2007, Blevins moved to withdraw as the mother's counsel on the ground that "an irreconcilable conflict ha[d] arisen."
[3] The juvenile court implicitly granted the mother leave to proceed in forma pauperis by granting her motion seeking to obtain trial transcripts free of charge. See Rule 24(a), Ala. R. App. P. *Page 1