THOMPSON, Presiding Judge.
 

 On February 20, 2009, the Morgan County Department of Human Resources (“DHR”) filed in the Morgan Juvenile Court (“the juvenile court”) a dependency complaint seeking custody of Ma.T.D. (“the child”), a minor child. In its dependency complaint, DHR alleged that the child’s father, M.T.D. (“the father”), had been arrested and extradited to Illinois to face criminal charges in that state. The complaint alleged that, upon his arrest, the father had delegated parental authority to J.D. (“the mother”), the child’s mother and M.T.D.’s ex-wife. DHR alleged that the mother was using illegal drugs while caring for the child and, therefore, that the child was dependent. It is undisputed that the child was taken into protective custody at the time DHR filed its dependency complaint; however, any initial juvenile-court orders are not contained in the record on appeal.
 

 On June 4, 2009, the juvenile court entered an order finding the child to be dependent. The father appealed that order to this court. However, the juvenile court entered an order finding that the record was not adequate for an appeal to this court.
 
 See
 
 Rule 28(A)(1), Ala. R. Juv. P. (providing for appeals to this court if, among other things, the juvenile court certifies the record as adequate for such an appeal). Accordingly, this court entered an order on July 27, 2009, transferring the appeal to the Morgan Circuit Court (“the trial court”) for a trial de novo. We note that although he was represented by a court-appointed attorney, the father also filed a number of pro se motions and other materials in both the juvenile court and the trial court.
 

 The trial court conducted an ore tenus hearing. The father did not attend that hearing because he remained incarcerated in Illinois, but he was represented by counsel at that hearing. On December 29, 2009, the trial court entered a judgment finding the child to be dependent and awarding custody of the child to DHR. The father timely appealed. The father is represented by new counsel on appeal.
 

 The sole argument the father asserts on appeal is that the trial court violated his due-process rights by finding the child dependent when he was not present at the dependency hearing. The father argues that he had a right to be present at the dependency hearing. We disagree. An incarcerated person has no right to be transported from his or her place of confinement to participate in a civil action that is not related to his or her confinement.
 
 Clements v. Moncrief,
 
 549 So.2d 479, 481 (Ala.1989). Rather “ ‘[h]is proper course is to take his own oral or written deposition under Rule 30 or 31, [Ala. R. Civ. P.], to be used at trial as specifically provided
 
 *968
 
 in Rule 32(a)(3)(C), [Ala. R. Civ. P.].’ ”
 
 Id.
 
 (quoting
 
 Hubbard v. Montgomery,
 
 372 So.2d 315, 316 (Ala.1979)).
 

 Consistent with the holding in
 
 Clements v. Moncrief,
 
 supra, in the context of a case involving a claim that a child is dependent or that parental rights should be terminated, this court has stated:
 

 “It has been stated that due process of law requires that there be notice, a hearing conducted in accord with that notice, and a judgment consistent with that notice and hearing.
 
 Opinion of the Justices,
 
 345 So.2d 1354 (Ala.1977). Where there is representation by counsel and an opportunity to present testimony through deposition, then due process does not require that an incarcerated parent be allowed to attend the termination hearing.
 
 Eastman v. Eastman,
 
 429 So.2d 1058 (Ala.Civ.App.1983); 16D C.J.S.
 
 Constitutional Law
 
 § 1254 (1985).”
 

 Pignolet v. State Dep’t of Pensions & Sec.,
 
 489 So.2d 588, 590-91 (Ala.Civ.App.1986).
 
 See also Thornton v. Thornton,
 
 519 So.2d 960, 961 (Ala.Civ.App.1987); and
 
 Valero v. State Dep’t of Human Res.,
 
 511 So.2d 200, 202-03 (Ala.Civ.App.1987).
 

 In
 
 Pignolet v. State Department of Pensions & Security,
 
 supra, the juvenile court entered a judgment terminating the parents’ parental rights to their two children. The incarcerated father argued on appeal that his fundamental rights were violated because he was not allowed to attend the termination heai'ing. This court rejected that argument, noting that the father had notice of the hearing, had a court-appointed attorney to represent him, and had the opportunity to present testimony by deposition. In affirming the juvenile court’s judgment, this court concluded that “[t]he father’s attorney could have presented testimony from the father in the form of a deposition.”
 
 Pignolet v. State Dep’t of Pensions & Sec.,
 
 489 So.2d at 591.
 

 In
 
 Thornton v. Thornton,
 
 supra, the trial court, after conducting an ore tenus hearing, granted the father’s petition to terminate the mother’s parental rights to their surviving child. The mother appealed, arguing, among other things, that her due-process rights had been violated because she had not been able, due to her incarceration, to attend the termination hearing. This court, citing
 
 Pignolet v. State Department of Pensions & Security,
 
 supra, affirmed the termination judgment. In doing so, this court noted that the record demonstrated that the mother “was fully represented by counsel at the hearing and had every opportunity to present evidence on behalf of her case.”
 
 Thornton v. Thornton,
 
 519 So.2d at 961.
 

 Similarly, in this case, the father undisputedly had notice of the dependency hearing, was afforded a court-appointed attorney to represent him, and had the opportunity to present evidence in the form of a deposition. The father did not move to attend the dependency hearing. Further, the father did not file a motion in the trial court seeking to submit his testimony by way of deposition, nor did he actually submit evidence by way of deposition during the dependency hearing. We conclude that the father has failed to demonstrate that his due-process rights were denied or violated.
 
 Thornton v. Thornton,
 
 supra;
 
 Pignolet v. State Dep’t of Pensions & Sec.,
 
 supra. Accordingly, we affirm.
 

 AFFIRMED.
 

 PITTMAN, BRYAN, and THOMAS, JJ., concur.
 

 MOORE, J., concurs in the result, without writing.