MOORE, Judge,
concurring in part and concurring in the result.
I concur in the main opinion insofar as it concludes that the mother failed to preserve for appellate review the issue of the mother’s right to counsel and insofar as it concludes that the juvenile court did not exceed its discretion in denying the mother’s request for a continuance.
The main opinion quotes D.A. v. Calhoun County Department of Human Resources, 976 So.2d 502 (Ala.Civ.App.2007), which indicates that the mother could file a Rule 60(b), Ala.R.Civ.P., motion based on ineffective assistance of counsel. Because I believe that the mother can file a Rule 60(b)(4), Ala.R.Civ.P., motion to set aside the judgment as void, I do not join the main opinion.
A parent in a termination-of-parental-rights proceeding has a due-process right to appointed counsel. See W.C. v. State Dep’t of Human Res., 887 So.2d 251, 256 (Ala.Civ.App.2003). The mother in the *309 present case had requested appointed counsel; she was not required by law to repeat that request. See J.A.H. v. Calhoun County Dep’t of Human Res., 846 So.2d 1093, 1095 (Ala.Civ.App.2002). Because the mother was not represented by an attorney, her due-process rights were violated. See W.C., supra. A judgment is void if the court rendering that judgment acted in a manner inconsistent with due process. See Bowen v. Bowen, 28 So.3d 9, 14 (Ala.Civ.App.2009). Because a motion for relief from a void judgment filed pursuant to Rule 60(b)(4) may be filed at any time after the rendition of a judgment, see E.S.R. v. Madison County Dep’t of Human Res., 11 So.3d 227, 231-32 (Ala.Civ.App.2008), I conclude that the mother has the same relief available to her. Thus, I concur in the result to affirm the trial court’s judgment.