THOMPSON, Presiding Judge,
dissenting.
I respectfully dissent. The mother’s attorney moved to continue the termination hearing based, in part, on the mother’s failure to appear at the termination hearing because she was attending a drug-treatment program. The juvenile court denied that motion; it explained that ruling in its termination judgment as follows:
“[The mother’s] attorney had previously filed a motion to continue the hearing as [the mother] is presently in a court-ordered rehabilitation program, which is New Life for Women in Gadsden, Alabama. The Court denied the Motion as this case has been pending since April 2008. The attorney for [the mother] then made an oral motion to continue, again due to [the mother’s] being in New Life for Women, and not being able to be transported for today’s hearing. The Court denied the motion.”
After the juvenile court denied the mother’s motions to continue, the mother’s court-appointed attorney moved to withdraw from representing her at the beginning of the hearing on DHR’s petition to terminate her parental rights. The juvenile court granted that motion to withdraw and did not appoint another attorney to represent the mother during the termination hearing. The juvenile court then entered a judgment terminating the mother’s parental rights.
An indigent parent defending an action seeking to terminate his or her parental rights is entitled to appointed legal counsel. Ex parte Shuttleworth, 410 So.2d 896, 899 (Ala.1981); K.P.B. v. D.C.A., 685 So.2d 750, 752 (Ala.Civ.App.1996); see also § 12-15-305(b), Ala.Code 1975 (“In dependency and' termination of parental rights cases, the respondent parent, legal guardian, or legal custodian shall be informed of his or her right to be represented by counsel and, if the juvenile court determines that he or she is indigent, counsel shall be appointed where the respondent parent, legal guardian, or legal custodian is unable for financial reasons to retain his or her own counsel.”).
This court has held that a parent facing the termination of parental rights does not have to again request representation after his or her original appointed counsel is allowed to withdraw. J.A.H. v. Calhoun County Dep’t of Human Res., 846 So.2d 1093 (Ala.Civ.App.2002). In J.A.H. v. Calhoun County Department of Human Resources, supra, an action seeking the termination of a father’s parental rights, the juvenile court had earlier appointed counsel for the mother and the father but had allowed the attorney to withdraw from representing the father when the mother and the father separated and a potential conflict of interest arose. At some point before the termination hearing, the Cal *310 houn County DHR moved to have new counsel appointed for the father, but the juvenile court denied that motion because the father had not requested the appointment of new counsel. At the termination hearing, the attorney for the mother, the father’s original appointed attorney, brought to the juvenile court’s attention a letter from the father indicating that the father claimed to have been informed at the time the original attorney withdrew that new counsel would be appointed to represent him and inquiring why he had not heard from that counsel. The juvenile court determined that the father’s request for an attorney was not timely, and the termination hearing proceeded without the father’s being present and without his having legal representation. This court held that the juvenile court’s failure to appoint new counsel to represent the father at the termination hearing was error, and it reversed the termination judgment. In reaching that holding, this court explained:
“[W]e find it unduly burdensome and overly technical to require a parent to repeatedly request the appointment of counsel when he or she has previously requested counsel and has already proven his or her entitlement to such counsel. We do not conclude that the trial court in the present case erred by failing to inform the father of his right to counsel; instead, we conclude that the trial court erred by requiring the father to repeat his request for counsel.”
J.A.H., 846 So.2d at 1095.
In this case, as in supra, the mother’s appointed counsel was allowed to withdraw, and the juvenile court failed to appoint new counsel to represent the mother at the hearing in which the termination of her parental rights was at issue. In this case, however, the mother did not know before the termination hearing that her attorney would withdraw; she did not have any advance knowledge that her interests would not be defended during the termination hearing. According to the allegation in the Rule 77(d), Ala. R. Civ. P., motion discussed in the main opinion, the mother “was unaware that she was proceeding without representation.” The mother had requested appointed counsel. The mother had not elected, or anticipated being forced by the juvenile court, to proceed pro se. The juvenile court did not appoint new counsel for the mother until February 10, 2010, well after the 14-day period for appealing, or filing a post-judgment motion from, the January 19, 2010, termination judgment.
The main opinion addresses this issue by quoting an excerpt from D.A. v. Calhoun County Department of Human Resources, 976 So.2d 502 (Ala.Civ.App.2007), indicating that the mother could have filed a Rule 60(b), Ala. R. Civ. P., motion for relief from the termination judgment and by holding that the mother is improperly raising this argument for the first time on appeal. Unlike the father in D.A, supra, who had an attorney appointed in a timely manner, the mother in this case did not have new counsel appointed for her until after the issue might have been timely raised before the juvenile court.
Regardless, I do not agree that the mother is confined to review of the termination judgment by way of a Rule 60(b) motion; I believe the issue is properly before this court on appeal. The juvenile court created the error in this case by depriving the mother of her appointed counsel at the termination hearing. The record indicates that the mother was unaware for some time that she was no longer represented by counsel and that the juvenile court had not appointed counsel for the mother until after the time for properly raising that error had passed.
*311 A parent’s right to the custody of his or her child is a fundamental right. Troxel v. Granville, 530 U.S. 57, 65, 120 S.Ct. 2054, 147 L.Ed.2d 49 (2000); Santosky v. Kramer, 455 U.S. 745, 753, 102 S.Ct. 1388, 71 L.Ed.2d 599 (1982). An indigent parent has a right to appointed representation when that fundamental right is at issue. § 12-15-305, Ala.Code 1975; Ex parte Shuttleworth, supra; K.P.B. v. D.C.A., supra.
The mother argues on appeal that the juvenile court erred in terminating her parental rights after allowing her appointed attorney to withdraw at the termination hearing. That argument might have been more artfully drawn. However, given the fundamental nature of the issue involved, the mother’s argument before this court, and the applicable statutory and caselaw precedent, I would reverse the termination judgment and remand the cause for the juvenile court to conduct a termination hearing at which the mother is represented by appointed counsel. Accordingly, I respectfully dissent.