BRYAN, Judge.
R.H. (“the mother”) appeals a judgment finding L.W. (“the child”) dependent and awarding D.N. (“the paternal grandmother”) custody of the child. For the reasons given below, we remand the cause to the Baldwin Juvenile Court with instructions.
On December 6, 2005, the paternal grandmother petitioned the Montgomery Juvenile Court seeking, among other things, a judgment finding the child dependent and awarding her custody. On January 17, 2006, the Montgomery Juvenile Court awarded the paternal grandmother “temporary sole physical custody” of the child. The case was then transferred to the Baldwin Juvenile Court (“the juvenile court”).
On March 13, 2006, N.F., the child’s maternal grandmother, moved the juvenile court for leave to intervene in the action to seek custody of the child. The juvenile court granted that motion. Thereafter, the parties filed various pleadings and motions in the juvenile court.
The juvenile court held ore tenus pro-, ceedings in October 2006, February 2007, and August 2007. It then entered a judgment on August 28, 2007, that, among other things, found the child dependent and awarded the paternal grandmother custody of the child. The mother then timely appealed.
The mother first argues on appeal that the juvenile court erred by failing to appoint her an attorney to represent her on appeal. “It is well settled that the ‘constitutional due process clause does not require the appointment of counsel for an indigent parent in dependency and temporary custody proceedings.’ ” W.C. v. State Dep’t of Human Res., 887 So.2d 251, 256 (Ala.Civ.App.2003) (quoting Morgan v. Lauderdale County Dep’t of Pensions & Sec., 494 So.2d 649, 651 (Ala.Civ.App.1986), citing in turn Lassiter v. Department of Social Servs. of Durham County, North Carolina, 452 U.S. 18, 34, 101 S.Ct. 2153, 68 L.Ed.2d 640 (1981)). However, “ ‘[parents of a child in a dependency case must be advised of their right to be represented by counsel and to have counsel appointed, pursuant to 12 — 15—63(b), Ala.Code 1975.’ ” K.P.B. v. D.C.A., 685 So.2d 750, 751 (Ala. Civ.App.1996) (quoting F.D.M. v. C.D.S., 646 So.2d 117,118 (Ala.Civ.App.1994)).
Section 12-15-63(b), Ala.Code 1975, provides:
“(b) In dependency cases, the parents, guardian or custodian shall be informed of their right to be represented by counsel and, upon request, counsel shall be appointed where the parties are unable for financial reasons to retain their own.
“The court shall also appoint counsel for the child in dependency cases where there is an adverse interest between parent and child or where the parent is an unmarried minor or is married, widowed, widowered or divorced and under the age of 18 years or counsel is otherwise required in the interests of justice.”
(Emphasis added.) In Smoke v. State, Department of Pensions & Security, 378 So.2d 1149, 1150 (Ala.Civ.App.1979), this court stated:
“The right of the parents of the child in a dependency case to be represented by counsel at every stage of the proceeding is a fundamental one protected by *1255 statute and court decision. § 12-15-63, Code of Alabama (1975); Crews v. Houston County Department of Pensions and Security, 358 So.2d 451 (Ala.Civ. App.1978); In re Ward, 351 So.2d 571 (Ala.Civ.App.1977). The statute places upon the court the duty of informing the parents, guardian or custodian of their right to counsel and their right to have counsel appointed where they are unable for financial reasons to retain their own. §§ 12 — 15—63(b), 65(b), Code of Alabama (1975).”
(Emphasis added.)
The record on appeal establishes that the Montgomery Juvenile Court, on December 8, 2005, appointed the mother an attorney. After the case was transferred in January 2006, the mother, in February 2006, completed an affidavit of substantial hardship and requested that the juvenile court appoint her an attorney. The juvenile court denied that request. The mother again requested a court-appointed attorney on February 27,2006.
The record indicates that the mother retained counsel, Thomas Bear, in April 2006. On December 4, 2006, Bear moved to withdraw as counsel on the ground that the mother had failed to pay for services rendered and that a breakdown in the attorney-client relationship had occurred. The juvenile court then granted that motion.
The mother, on December 20, 2006, filed another affidavit of substantial hardship requesting a court-appointed attorney. On September 10, 2007, the mother, through an attorney named Jerry Blevins, alleged that she suffered from financial hardship and moved the juvenile court to allow her to obtain her trial transcripts free of charge. On September 11, 2007, the juvenile court ordered the mother to complete a new affidavit of substantial hardship. The juvenile court then granted the mother’s motion on September 28, 2007.[1] The juvenile court also granted Blevins’s motion to withdraw based on an “irreconcilable conflict.” After the mother filed a notice of appeal, she submitted a letter to the juvenile court requesting, among other things, an attorney.
The record indicates that the mother submitted two affidavits of substantial hardship requesting that she be permitted to proceed in forma pauperis and seeking the appointment of an attorney. See Rule 24, Ala. R.App. P. (governing actions to proceed in forma pauperis). After the case was transferred, the juvenile court did not appoint the mother an attorney. The record further indicates that the mother did not pay for services rendered when she retained her own counsel. Therefore, the record tends to establish that the mother could not afford to retain her own counsel. Additionally, the record does not indicate that the mother waived her right to counsel. Since a parent is afforded a right to a court-appointed attorney at every stage of a dependency proceeding, we conclude that the juvenile court erred by failing to appoint the mother an attorney on appeal. See § 12-15-63(b); Smoke, supra. We remand this case to the juvenile court to comply with our instructions in this opinion. Due return shall be filed with this court within 42 days of the date of the release of this opinion and shall include the juvenile court’s order appointing appellate counsel for the mother. The time standards for filing briefs shall commence on the date the return to remand is effected. Other *1256 than the modifications stated herein, Rule 31, Ala. R.App. P., shall govern the time for serving and filing briefs with this court. Given this court’s disposition of the mother’s first issue on appeal, we pretermit a discussion of the mother’s remaining issues presented on appeal.
REMANDED WITH INSTRUCTIONS.
PITTMAN and THOMAS, JJ., concur.
THOMPSON, P.J., dissents, with wilting, which MOORE, J., joins.

. The juvenile court implicitly granted the mother leave to proceed in forma pauperis by granting her motion seeking to obtain trial transcripts free of charge. See Rule 24(a), Ala. R.App. P.