MOORE, Judge.
• J.S. (“the father”) appeals from a judgment of the Walker Juvenile Court (“the juvenile court”) terminating his parental rights to K.T.S. (“the child”), asserting that the juvenile court erred in failing to provide him with appointed counsel both before the juvenile court and on appeal. We remand the case to the juvenile court;
On August 8, 2014, J.C. and C.C., the child’s maternal uncle and aunt,. respectively, filed a petition to terminate the father’s parental rights to the child. The fathér, through counsel, filed an answer to the petition on August 19, 2014. .On September 22, 2014, the father’s attorney filed a motion to withdraw, in which he indicated, among other things, that the' father wished for him to withdraw as his attorney, that the father was incarcerated in the Limestone Correctional Facility, that the father was indigent and could not pay the attorney for representation, and that the father requested that the juvenile court appoint him another attorney to represent him in the present case. The juvenile court .granted the motion in part, allowing the father’s attorney to withdraw, by a notation on the motion dated September 29, 2014.
On October 16, 2014, the juvenile court entered a final judgment, terminating the parental rights of the father. In that judgment, the juvenile court noted, among other things, that the father’s attorney had withdrawn as the father’s counsel, that the father’s attorney had requested that the father , receive a court-appointed attorney, and that the father had not been appointed an attorney.
The father filed his notice of appeal to this court on October 22, 2014. The father argues on appeal that the juvenile court erred in failing to appoint him an attorney, both at the hearing on the termination of his parental rights and on appeal, and that his due-process rights were violated as a result. J.C. and C.C. argue, citing D.A. v. Calhoun County Department of Human Resources, 976 So.2d 502 (Ala.Civ.App.2007), that the father failed to preserve this issue for review on appeal. In D.A., this court affirmed a judgment terminating the pai-ental rights of the father in that case, in which the juvenile court had dismissed the father’s appointed attorney before conducting the termination-of-parental-rights hearing. This court stated, in pertinent part:
“The oft-quoted and long-standing rule is that an appellate court may not consider an issue raised for the first time on appeal. See Ex parte Weaver, 871 So.2d 820, 823 (Ala.2003); W.C. v. State Dep’t of Human Res., 887 So.2d 251 (Ala.Civ.App.2003); and Centers v. Jackson County Dep’t of Pensions & Sec., 472 So.2d 1069, 1070 (Ala.Civ.App.1985). ‘ “[A juvenile] court should not be placed in error [by an appellate court] on matters which the record reveals it neither ruled upon nor was presented the oppor *1069 tunity to rule upon’” at trial or in a postjudgment motion. J.K v. Lee County Dep’t of Human Res., 668 So.2d 813, 817 (Ala.Civ.App.1995) (quoting Wilson v. State Dep’t of Human Res., 527 So.2d 1322, 1324 (Ala.Civ.App.1988)); see also Norman v. Bozeman, 605 So.2d 1210, 1214 (Ala.1992).”
976 So.2d at 504.
The father cites J.A.H. v. Calhoun County Department of Human Resources, 846 So.2d 1093 (Ala.Civ.App.2002), in which this court concluded that, because the defendant in that case had previously completed an affidavit of substantial hardship and had requested that an attorney.be appointed to represent him, the defendant was not required to repeatedly request assistance of counsel upon the dismissal of the attorney who was initially appointed by the court. 846 So.2d at 1095. In the present case, the father’s attorney filed a motion to withdraw and requested that the father be appointed an attorney because the father was indigent. The juvenile court granted that motion in part, allowing the attorney to withdraw, and later noted in its judgment that the father had requested that an attorney be appointed to represent him but that he had not been appointed an attorney.
“ ‘ “To preserve an issue for appellate review, the issue must be timely raised and specifically presented to the trial court and an adverse ruling obtained.” Mitchell v. State, 913 So.2d 501, 505 (Ala.Crim.App.2005). The purpose of requiring an issue to be preserved for review is to allow the trial court the first opportunity to correct any. error. See, e.g., Ex parte Coulliette, 857 So.2d 793 (Ala.2003).’ ”
Ex parte Malone, 12 So.3d 60, 66 (Ala.2008). In the present case, the father, via his attorney, presented his request to the juvenile court for the appointment of counsel, and, by the juvenile ■ court’s granting the motion, in.part and..allowing the father’s attorney to withdraw.and noting in its judgment that the father had requested an attorney but that. one had not been appointed, an adverse ruling was obtained such that the father’s argument on appeal was properly preserved.
J.C. and C.C. argue that the father never personally requested the appointment of substitute counsel nor attempted to demonstrate indigency. Section 12-15-305, Ala.Code 1975, provides:
“(a)-Upon request and a finding of indigency, the juvenile court may appoint an attorney to represent the petitioner and may order recoupment of the fees of the attorney to be paid to the State of Alabama.
“(b) In dependency and termination of parental rights' cáses, the respondent parent, legal guardian, or legal custodian shall be informed of his or- her right to be represented by counsel and, if the juvenile court determines that he or she is indigent, counsel shall be appointed where the respondent parent, ' legal guardian, or legal custodian is unable for financial reasons to retain his or her own counsel.”
According to that statute, the father, as the respondent parent, was not required to request the appointment of counsel; rather, the juvenile court was required to inform the father of his right to be represented by counsel, and, upon a determination of indigency, the juvenile court was required to appoint the father counsel if he was unable to retain his own counsel for financial reasons. In the present case, the father’s attorney sought appointment of counsel for the father; the father was not required by § 12-15-305(b) to personally make that request, as asserted by J.C. and C.C. See, e.g., T.G. v. Houston Cnty. Dep’t of Human Res., 6 So.3d 1182, 1184 *1070 n. 2 (Ala.Civ.App.2008) (in which the Department of Human Resources requested, pursuant to former § 12-15-63, Ala.Code 1975, that the juvenile court appoint counsel to represent the respondent parent).
Although J.C. and C.C. are correct that, other than the assertions made by the father’s attorney in his motion to withdraw, the father failed to make a further showing of indigency, the juvenile court had before it information indicating that the father had been unable to pay his retained counsel. The father’s attorney indicated that the father was without income both before and during his incarceration and that he had not paid the attorney for representation; those facts indicate that the father was unable to retain his own counsel for financial reasons. See R.H. v. D.N., 5 So.3d 1253, 1258 (Ala.Civ.App.2008) (concluding that the juvenile court had erred by failing to appoint counsel for the mother on appeal because the evidence indicated that the mother had not paid for the services rendered by her retained counsel and, thus, established “that the mother could not afford to retain her own counsel”). The juvenile court failed, however, to further inquire into the father’s indigent status or to appoint counsel for the father. In Ex parte D.B.R., 757 So.2d 1193, 1195 (Ala.1998), our supreme court stated, in pertinent part:
“It is not the responsibility of this Court to determine whether D.B.R. is in fact indigent and therefore entitled to appointed counsel. However, the record before us indicates that the trial court should review D.B.R.’s status again to determine whether he is entitled to appointed counsel.”
Likewise, in the present case, because there were facts before the juvenile court indicating that the father might be indigent, the juvenile court should have reviewed the father’s status to determine whether he was entitled to appointed counsel. We therefore remand the case to the juvenile court and instruct that court to obtain the necessary information or documentation needed to make a determination whether the father was, at the time of the termination-of-parental-rights trial, indigent and, if so, to appoint him an attorney and to grant him a new trial. The juvenile court is to make a return to this court within 28 days from the date of this opinion, at which time, if a new trial has been granted, this appeal will be dismissed.
REMANDED WITH INSTRUCTIONS. 
THOMPSON, P.J., and PITTMAN, THOMAS, and DONALDSON, JJ., concur.