Rel: January 10, 2025

**Notice:** This opinion is subject to formal revision before publication in the advance sheets of **Southern Reporter**. Readers are requested to notify the **Reporter of Decisions**, Alabama Appellate Courts, 300 Dexter Avenue, Montgomery, Alabama 36104-3741 ((334) 229-0650), of any typographical or other errors, in order that corrections may be made before the opinion is published in **Southern Reporter**.

# ALABAMA COURT OF CIVIL APPEALS

## OCTOBER TERM, 2024-2025

_____

### CL-2024-0638

_____

### L.S.H.

### v.

### T.J. and L.J.

### Appeal from Cullman Juvenile Court
### (JU-24-81.01)

LEWIS, Judge.

L.S.H. ("the mother") appeals from a judgment entered by the Cullman Juvenile Court ("the juvenile court") finding L.M. ("the child"), who was born in April 2022, dependent and awarding custody of the child

to T.J. and L.J. (collectively "the paternal grandparents"). We reverse the juvenile court's judgment and remand this cause with instructions.

Procedural History

On February 5, 2024, the paternal grandparents filed in the juvenile court a petition seeking to have the child declared dependent and an award of custody of the child. On February 26, 2024, Nicholas Shabel filed a notice of appearance as counsel of record for the mother. On April 15, 2024, Shabel filed a motion to withdraw as counsel of record for the mother because he had secured new employment in Rochester, Minnesota. On April 16, 2024, Shelbie Hankey filed a notice of appearance as counsel of record for the mother. On May 16, 2024, Hankey moved to withdraw as counsel of record for the mother on the ground that the mother was "not able to afford an attorney." In her motion to withdraw, Hankey indicated that the mother would file an affidavit of hardship to have an attorney appointed to her.

On June 13, 2024, the mother filed in the juvenile court an affidavit of substantial hardship, asserting that she was financially unable to hire an attorney and requesting that the juvenile court appoint an attorney to represent her. On June 17, 2024, the juvenile court entered an order

denying the mother's affidavit of hardship. In its order denying the mother's affidavit, the juvenile court stated, "AFFIDAVIT OF SUBSTANTIAL HARDSHIP filed by [the mother] is hereby DENIED as this case is a private petition." (Capitalization in original.) A trial was conducted by the juvenile court later that day, and the mother appeared without the assistance of counsel.

On July 10, 2024, the juvenile court entered a final judgment that, among other things, found the child dependent and awarded the paternal grandparents custody of the child. On July 23, 2024, Hankey again filed a notice of appearance as counsel of record for the mother.[1] On July 24, 2024, the mother, through counsel, filed a motion to alter, amend or vacate or, in the alternative, for a new trial, pursuant to Rule 59, Ala. R. Civ. P. In her postjudgment motion, the mother argued, among other things, that

> "7. The [juvenile c]ourt failed to uphold its statutory duty as mandated by the Code of Alabama [1975], specifically § 12-15-305, by not informing the mother of her right to counsel during trial proceedings. § 12-15-305 applies to all dependency actions, even private petitions.

---

[1]Hankey's notice of appearance did not include an explanation concerning whether the mother was now paying her for her services.

"8. Upon denial of the motion to have court appointed representation and without the [juvenile c]ourt informing the mother of her right to counsel, the mother was unaware of her right to legal representation and therefore was unable to adequately represent her interests and those of her minor child during the trial.

"9. As a result of the [juvenile c]ourt's failure to inform the mother of her right to counsel, the mother was prejudiced and unable to present her case effectively.

"10. The lack of legal representation significantly impaired the mother's ability to navigate the legal complexities of the dependency proceedings, resulting in an unjust outcome."

The mother's postjudgment motion was denied by operation of law on August 7, 2024.  See Rule 1(B), Ala. R. Juv. P.  The mother timely filed her notice of appeal to this court on August 14, 2024.

## Discussion

On appeal, the mother first argues that the juvenile court violated her statutory rights under Ala. Code 1975, § 12-15-305, by failing to inform her of her right to legal counsel in the dependency proceeding and by not appointing her counsel despite her indigency.  Section 12-15-305(b), Ala. Code 1975, provides:

"In dependency and termination of parental rights cases, the respondent parent, legal guardian, or legal custodian shall be informed of his or her right to be represented by counsel and, if the juvenile court determines that he or she is indigent,

4

> counsel shall be appointed where the respondent parent, legal guardian, or legal custodian is unable for financial reasons to retain his or her own counsel."

Further, "'[t]he right of [a] parent[] of [a] child in a dependency case to be represented by counsel <u>at every stage of the proceeding</u> is a fundamental one protected by statute and court decision.'" <u>R.H. v. D.N.</u>, 5 So. 3d 1253, 1254-55 (Ala. Civ. App. 2008) (quoting <u>Smoke v. State, Dep't of Pensions & Sec.</u>, 378 So. 2d 1149, 1150 (Ala. Civ. App. 1979)).

Here, it is clear from the record that the juvenile court had before it information indicating that the mother was unable to pay her retained counsel for services rendered. Although the mother's first retained counsel withdrew due to new employment in a different state, the mother's second retained counsel withdrew on the ground that the mother was "not able to afford an attorney." Thereafter, the mother filed an affidavit of substantial hardship, asserting that she was financially unable to hire an attorney and requesting that the juvenile court appoint an attorney to represent her.

The juvenile court did not make a determination of the mother's indigency but, instead, denied the mother's request to appoint her counsel on the basis that "this case is a private petition." However, the

plain language of § 12-15-305(b), which requires the appointment of counsel for an indigent parent, legal guardian, or legal custodian in dependency and termination-of-parental rights proceedings, makes no distinction between a private petition brought on behalf of a private party and a petition brought on behalf of the State. If the juvenile court determined that the mother was indigent, it was required to appoint an attorney to represent her regardless of whether the petition was filed by the State or a private party. Therefore, we conclude that the juvenile court's ruling denying the mother's request for an appointed attorney was inconsistent with § 12-15-305. See R.H., 5 So. 3d at 1255, 1258 (holding that the juvenile court erred by not appointing an attorney to represent a parent in a dependency proceeding where that parent "submitted two affidavits of substantial hardship requesting that she be permitted to proceed in forma pauperis and seeking the appointment of an attorney" and "did not pay for services rendered when she retained her own counsel").

The fact that the mother was not able to afford her retained counsel coupled with her filing an affidavit of substantial hardship raises the issue whether the mother was unable to retain counsel for financial

6

reasons. See <u>J.S. v. J.C.</u>, 181 So. 3d 1067, 1070 (Ala. Civ. App. 2015) (holding that "the juvenile court should have reviewed the father's status to determine whether he was entitled to appointed counsel"). However, the juvenile court did not make a finding with respect to the mother's indigency and "[i]t is not the responsibility of [an appellate] Court to determine whether [a parent in a dependency or termination-of-parental-rights proceeding] is in fact indigent and therefore entitled to appointed counsel." <u>Ex parte D.B.R.</u>, 757 So. 2d 1193, 1195 (Ala. 1998).

Because the juvenile court's ruling was inconsistent with § 12-15-305, we reverse the juvenile court's judgment. We remand the cause to the juvenile court to make a finding with respect to the mother's indigency. <u>See</u>, <u>e.g.</u>, <u>J.S.</u>, 181 So. 3d at 1070 (remanding the termination proceeding with instructions that the juvenile court in that case determine whether the father was indigent). The juvenile court is authorized to obtain any "information or documentation needed to make a determination whether the [mother] was, at the time of the

7

[dependency] trial, indigent and, if so, to appoint [her] an attorney and to grant [her] a new trial." Id.[2]

REVERSED AND REMANDED WITH INSTRUCTIONS.

Moore, P.J., and Edwards, Hanson, and Fridy, JJ., concur.

---

[2]Because we find the mother's first issue on appeal to be dispositive, we pretermit discussion of the mother's remaining issues presented on appeal.